Anthony MURRAY, Charles H. McKinney, David Kaminsky, Elizabeth Cadell, as individuals and as owners of property in the Town of Dewey Beach, Delaware, Plaintiffs Below, Appellants,

v.

TOWN OF DEWEY BEACH, a municipal corporation of the State of Delaware; Town Council of Dewey Beach, consisting of Mayor Diane Hanson, Joy Howell, Anna Legates, James Laird, James Przygocki, Marty Seitz and Richard N. Solloway, in their official capacity; Diana K. Smith, former Town Manager, in her official capacity; William D. Mears, Town Building Official, in his official capacity; Dewey Beach Enterprises, Inc., a Delaware Corporation; and Ruddertowne Redevelopment, Inc., a Delaware corporation, Defendants Below, Appellees.

No. 480, 2012.

Supreme Court of Delaware.

Submitted: April 10, 2013.
Decided: June 10, 2013.

Michael W. McDermott, Esquire (argued) and David B. Anthony, Esquire, Berger Harris, LLC, Wilmington, Delaware for Appellants.

Megan T. Mantzavinos, Esquire (argued) and Cecil J. Jones, Esquire (admitted pro hac vice), Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware for Appellees Town of Dewey Beach; Commissioners of the Town of Dewey Beach; Diana K. Smith, Town Manager; and William D. Mears, Town Building Official.

William T. Quillen, Esquire, Shawn P. Tucker, Esquire (argued), and Lindsay O. Clizbe, Esquire, Drinker Biddle & Reath LLP, Wilmington, Delaware for Appellees Dewey Beach Enterprises, Inc., and Ruddertowne Redevelopment, Inc.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

BERGER, Justice:

In this appeal we consider whether the Court of Chancery erred in dismissing an action by Dewey Beach property owners challenging the town's authority to enter into a settlement agreement with a commercial developer. The property owners claim that the settlement agreement is invalid because it is a "private zoning arrangement" that allows the developer to violate certain zoning requirements. The Court of Chancery dismissed the complaint, finding that it was not filed within 60 days from the date notice was given that the developer's record plan had been approved. The trial court also held that the property owners had an adequate remedy at law. We agree that the Court of Chancery lacked jurisdiction to hear this claim, and affirm.

**Factual and Procedural Background**

In November 2007, Dewey Beach Enterprises, Inc. (DBE)[1] applied for a building permit to redevelop three parcels, known as Ruddertowne, located in the center of the Town of Dewey Beach. At first, both the Building Inspector and the Town Solicitor agreed that the redevelopment plan complied with all applicable zoning requirements. But they reversed their position in December 2007. DBE appealed to the Board of Adjustment (BOA), which upheld the Building Inspector's decision. The Superior Court affirmed in 2009, but this Court reversed in 2010.

DBE filed numerous other lawsuits, in state and federal court, challenging the Town's continued opposition to the redevelopment plan. In February 2011, the parties entered into an Amended Mutual Agreement & Release (MAR) in settlement of all claims. The MAR regulates the building height, density, permitted uses and parking requirements for the Ruddertowne Redevelopment Project. In addition, it lists "voluntary amenities," such as a convention center, dedicated Town space, additional roads, and parking spaces to be provided by DBE.

The MAR also sets forth the process by which the Project plan and building permit were to be approved. That process included a public hearing by the Town Council; a Special Town Meeting at which the Commissioners were to vote on the Project; Planning Commission review of the plans for the gazebo, walkways and other voluntary amenities; and a second Town meeting at which the Commissioners were to vote on the plans and permit application relating to the amenities. Upon receipt of all approvals, DBE agreed to release all claims and indemnify the Town, its Commissioners, and other employees.

At the Special Town Meeting, held on February 26, 2011, the Town Council adopted a "Resolution of the Commissioners of the Town of Dewey Beach Approving a Mutual Agreement and Release Regarding the Ruddertowne Redevelopment Project". The Resolution approved the MAR, as well as the record plat plan and revised building permit for the Project. The Town published notice of the Resolution's adoption on March 1, 2011. The

---

1. Ruddertowne Redevelopment, Inc. is a wholly owned subsidiary of DBE. Unless the context requires otherwise, DBE includes Ruddertowne Redevelopment.

notice stated that the Resolution included final approval of the plat plan and building permit for the Project.

On March 25, 2011, at least one property owner (not a party to this action) filed a request for a BOA hearing regarding the MAR. The Town Manager rejected that request, explaining that a decision of the Town Council is not appealable to the BOA. On May 27, 2011, the property owner filed a second request for a BOA hearing. This time the request sought review of the Town Manager's rejection of the first request. The second request was denied.

The Town held its second meeting on June 17, 2011. At that meeting, the Town approved the location and size of the walkways and other amenities that DBE agreed to provide under the MAR. The Town published notice of that action on June 23, 2011. Four Dewey Beach property owners filed this action on August 15, 2011. The complaint seeks a declaration that the MAR and all approvals granted under it are invalid. It also asks for an order permanently enjoining "the enforceability of the MAR...."[2] The Court of Chancery granted appellees' motion to dismiss in May 2012. This appeal followed.

### Discussion

■ By statute, any challenge to a municipality's zoning or planning action must be filed within 60 days from the date on which notice of that action is published in a newspaper. Specifically, 10 *Del. C.* § 8126 provides:

(a) No action ... in any court ... in which the legality of any ordinance, code, regulation or map, relating to zoning, or any amendment thereto, or any regulation or ordinance relating to subdivision and land development, or any amendment thereto, enacted by the governing body of a county or municipality, is challenged ... shall be brought after the expiration of 60 days from the date of publication in a newspaper of general circulation ... of notice of the adoption of such ordinance, code, regulation, map or amendment.

(b) No action ... in any court ... in which the legality of any action of the appropriate county or municipal body finally granting or denying approval of a final or record plan submitted under the subdivision and land development regulations of such county or municipality is challenged ... shall be brought after the expiration of 60 days from the date of publication....

The property owners filed this action more than 60 days after the Town's March 1, 2011, notice that it had adopted a resolution giving final approval to the Project's record plat plan and its building permit application.[3] As a result, if § 8126 is applicable, the statute bars this action.

The property owners argue that they are not challenging a rezoning decision. Rather, they are challenging the Town's authority to enter into the MAR—a settlement agreement that provides for rezoning. The property owners also contend

---

**2.** Appellant's Appendix, A-184.

**3.** The property owners say that June 23, 2011 is the operative notice date because it was not until the action taken at the second Town meeting that all aspects of the Project were finally approved. But the February 2011 Town vote, and its Resolution adopting the MAR, specifically included final approval of the Project record plat plan and building permit application for the Project. The property owners are challenging the Town's approval of the MAR, and the final approval of the Project plan and building permit application. All of those events occurred in February 2011, and the 60 day tolling period started when notice of those actions was published in March 2011.

that § 8126(a) does not apply because the Town adopted a resolution, not an ordinance, code or regulation relating to zoning. By similar logic, the property owners say that § 8126(b) does not apply because the Project's record plat plan was not submitted under the Town's land development regulations. It was submitted under a specially designed process set forth in the MAR.

The property owners concede, as they must, that the effect of the MAR was to amend zoning restrictions to allow construction of the Project. Thus, the question becomes whether the manner in which a zoning amendment is accomplished affects the applicability of the 60 day statute of repose. The property owners argue that § 8126 is unambiguous, and that it governs only those specific actions named in the statute. But their argument ignores the purpose of a statute of repose, and elevates form over substance.

■ There is a strong policy favoring prompt resolution of land use challenges. Uncertainty about the validity of a zoning decision is disruptive to the community as well as the developer.[4] Section 8126 reflects that policy by providing an extremely short period during which an interested party may challenge a zoning decision. Section 8126 does not expressly include a "resolution" amending the zoning laws, or a "resolution" adopting a MAR that amends the zoning laws. But the name given to a document that amends a town's zoning regulations is immaterial. The statute should be read broadly to accomplish its purpose.[5] It should not be limited in a way that "leads to an unreasonable or absurd result not contemplated by the legislature."[6] Here, if the Town had changed the name of the document from a "Resolution" to an "Ordinance" there would be no question but that the 60 day limitation period applies. Where the choice of language has no bearing on the substantive result, the name of a document should not be allowed to defeat the purpose of the statute.

In sum, whether the property owners are challenging the MAR, the zoning changes effectuated pursuant to the MAR, or the approval of the Project's final plans and building permit application, the Court of Chancery lacked jurisdiction to hear those claims because, under § 8126, they were extinguished 60 days after the Town gave public notice of those actions.[7]

## Conclusion

Based on the foregoing, the judgment of the Court of Chancery is affirmed.

---

4. *Council of South Bethany v. Sandpiper Development Corporation, Inc.,* 1986 WL 13707 (Del.Ch.).

5. *See: Bay Colony Ltd. Partnership v. County Council, et al.,* 1984 WL 159382, at *2 (Del. Ch.)

6. *Newtowne Village Service Corp. v. Newtowne Road Development Co.,* 772 A.2d 172, 175 (Del.2001).

7. Because the delay in filing extinguished the property owners' claims, we do not reach the question of whether they had an adequate remedy at law.